BURNS *v.* FLETCHER.

The plaintiff sold the defendant a flat-boat; at the time of sale it was sunk so that neither party could know in what condition it was as regarded navigation. The price paid was less than half that which was usually paid for first rate boats of equal size. The defendant carried a half load on said boat to the place of destination safely. *Held*, that this was not within any of the classes of cases in which the law raised an implied warranty that the article sold was fit for the purposes for which it was purchased.

ERROR to the *Switzerland* Circuit Court.

SMITH, J.—*Fletcher* sued *Burns* before a justice of the

peace on a note for 100 dollars, on which there was a credit of 50 dollars. On appeal, in the Circuit Court, the plaintiff obtained a judgment for 50 dollars. The pleas were, no consideration, and failure of consideration; the general issue having been withdrawn.

Nov. Term, 1850.

BURNS
v.
FLETCHER.

The bill of exceptions does not profess to contain all the evidence, but it appears there was evidence tending to prove that the note was given for the price of a flat-boat purchased by *Burns* of *Fletcher*, for the purpose of carrying a load of produce to the lower country. At the time of the sale by *Fletcher* to *Burns* the boat was sunk in the river so that neither of them could know in what condition it was as regarded its fitness for navigation. The price agreed to be paid by *Burns* was less than half of what was at that time usually paid for first rate flat-boats of equal size to be used in carrying produce upon the river. *Burns* purchased another flat-boat, at the same time, from one *Kuntz*, for the same purpose. He put a full load in the boat purchased from *Kuntz* and more than half a load in the boat purchased from *Fletcher*, being all the produce he had, and proceeded with both boats safely to the place of destination. He sold the boat purchased of *Fletcher* at *Memphis*, for 65 dollars.

There was contradictory evidence as to the fitness of the boat purchased from *Fletcher* to carry a full load of produce.

The defendant requested the Court to charge the jury that when one sells personal goods, with a knowledge of the use and purpose for which the buyer is purchasing, the seller thereby impliedly warrants that the goods so sold are suitable for such use and purpose.

The refusal to give this instruction is assigned for error.

The instruction thus asked for was irrelevant and was properly refused. The contract proved in this case was not within any of the classes of cases in which the law raises an implied warranty, that the article sold was fit for the purposes for which it was purchased. *Humphreys* v. *Comline*, 8 Blackf. 516.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*D. Kelso,* for the plaintiff.

*J. Dumont,* for the defendants.