ADKINS and Others *v.* HUDSON and Others.

An answer, setting up a former recovery, should contain a transcript of the record of the former cause.

The third sub-section of section 617, under the occupying claimant's law, does not limit the recovery to the value of the rents and profits which had accrued before the rendition of the judgment in the original or ejectment suit.

In actions under said law, where the Court finds that, without the improvements, no rents and profits would have accrued to the time of rendering judgment, it is error to charge the occupants with such rents and profits as have accrued by reason of his improvements alone.

APPEAL from the *Decatur* Circuit Court.

HANNA, J.—This was a suit to fix the value of the improvements on certain lands, alleged to have been formerly

held by the appellants, under color of title, but of which they were found not to be the rightful owners. 2 Ind. 372.

*Answer:* 1. Denial. 2. That the same question was litigated in the former suit. 3. That the defendants had been, by the plaintiffs, kept out of possession, etc., from November, 1855, the date of the former recovery, until, etc.; and that waste, etc., had been committed, and rents, etc., received to the value, etc., which the defendants offered to offset, etc.

Demurrers were overruled to the second and third paragraphs of said answer.

This presents the first question.

It is impossible for us to say, whether the question of improvements was involved in the former suit or not, as the record thereof is not before us. The answer relying upon it is, therefore, bad for not setting it forth.

The statute is, that after filing the complaint as occupying claimant, "All issues joined thereon shall be tried as in other cases, and the Court or jury trying the cause shall assess, third, the fair value of the rents and profits which may have accrued, without the improvements, to the time of rendering judgment." 2 R. S. 172.

It is urged that this means the rendition of judgment in the original or ejectment suit. We think not. We can see no reason for it. That question had as well be settled in one suit as two. The third paragraph of the answer was, therefore, good.

*Reply:* 1. Denial. 2. Former recovery as to third paragraph of the answer. 3. Limitation as to some.

Trial by the Court; special finding of facts, as follows: "The Court finds that valuable improvements had been made on the premises in controversy, before the commencement of this suit to recover the possession of the same, to the amount of three hundred and twenty dollars; and that no damage or waste was sustained to the premises. And the Court further find, that no rents and profits would have

accrued, without the improvements, to the time of rendering judgment. And the Court further finds, that the value of the land, without improvements, is eight hundred and eighty dollars, and with the improvements, twelve hundred dollars. The Court further find, the value of the rents from 1843, up to the year 1849, one hundred and forty-two dollars and sixty cents, and the rents due from said premises, from 1855 to 1861, to be two hundred and seventy-nine dollars, making in all, due for rents, four hundred and twenty-one dollars and fifty cents; deducting improvements, leaving a balance due said defendants, of one hundred and one dollars and fifty cents." For the last-named sum, judgment was rendered for the defendants.

Perhaps the plaintiff did not suffer any injury from the erroneous ruling on the second paragraph of the answer, as this finding shows that the Court estimated the value of the improvements. But the case must be reversed for another reason. The statute quoted, shows that, in assessing the value of the rents, it must be done " without the improvements." The Court finds, in this case, that there would have been no rents on the property without the improvements. It was error, therefore, to charge these plaintiffs with rents, which were but the results of their own labor, in improving the property, not the proceeds of the land as they received it. Perhaps the proper mode of taking advantage of this finding would have been, by asking a judgment for the value of the improvements, without regard to the assessment as to rents; but as this was not done, but a motion was made for a new trial, based upon the erroneous finding, as to rent, it reaches the same question.

The judgment in ejectment appears to have been rendered in November, 1855, and, perhaps, though there is nothing showing such to be the fact, include a judgment for the rents, in the form of damages, for the six years preceding that time. The Court, in this case, permitted the defendants

to prove the value of the rents from 1843 to 1849. Should this have been done?

This question is not necessary to the decision of this case, as presented by the special finding, and, as it is not fully argued, we do not think it proper to pass upon it now.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for new trial.

*J. S. Scobey*, *Will. Pound*, and *Oscar B. Hord*, for the appellants.